IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| MARVIN DEJESUS SALINAS-RODAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-75 (LMB/WBP) |
| | ) | |
| PAMELA BONDI, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Marvin Dejesus Salinas-Rodas ("Salinas-Rodas"), a native and citizen of El Salvador, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since September 9, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates his due process rights (Count I) and his Eighth Amendment right to protection from cruel and unusual punishment (Count II).

Salinas-Rodas is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Salinas-Rodas has also sued Russell Hott, the Field Office Director of ICE's Enforcement and Removal Operations; Kristi Noem, the DHS Secretary; and Pamela Bondi, the Attorney General; (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Salinas-Rodas has already been given the relief he seeks. Accordingly, his Petition will be denied.

According to his Petition, Salinas-Rodas has resided in the United States since 2006. [Dkt. No. 1] at ¶ 35. For the past twenty years, he has lived in Silver Spring, Maryland with his family, which includes three U.S. citizen children. Id. at ¶ 44. Salinas-Rodas has "a consistent work history in construction and related labor[,]" and is the primary source of financial support for his family. Id. at ¶¶ 43-44. According to the federal respondents, on October 20, 2021, Salinas-Rodas was charged with Negligent Manslaughter by Vehicle in violation of Md. Code Ann., Crim. Law § 2-209 and Causing Life Threatening Injuries by Vehicle while Intoxicated in violation of Crim. Law § 3-211(c) in Montgomery County, Maryland. [Dkt. No. 4-1] at ¶ 6. Salinas-Rodas pleaded guilty to both charges and served a sentence of incarceration.[1] Id. at ¶¶ 7-8. On October 19, 2025, Salinas-Rodas was detained by ICE officials during a traffic stop while he was on his way home from work.[2] [Dkt. No. 1] at ¶ 36. He was issued a Notice to Appear ("NTA") that charged him with being inadmissible to the United States, [Dkt. No. 4-1] at ¶ 10, and subsequently taken into custody at the Farmville Detention Center, where he currently remains, [Dkt. No. 1] at ¶ 39.

On December 11, 2025, Salinas-Rodas filed a Bond Redetermination Request with the Immigration Court.[3] [Dkt. No. 4-1] at ¶ 13. On December 16, 2025, an Immigration Judge

---

[1] Specifically, Salinas-Rodas was sentenced to seven years' incarceration for the manslaughter charge and 3 years for the life threatening injuries charge. All but eighteen months of each sentence were suspended. [Dkt. No. 4-1] at ¶ 8.

[2] According to the federal respondents, ICE agents encountered Salindas-Rodas on October 20, 2025. [Dkt. No. 4-1] at ¶ 9.

[3] The federal respondents also allege that Salinas-Rodas filed a Form 42-B, Application for Cancellation of Removal for Certain Non-Permanent Residents, on December 11, 2025. [Dkt. No. 4-1] at ¶ 12. An Individual Hearing on the merits of his Form 42-B application is scheduled for January 23, 2026, in the Annandale, Virginia Immigration Court.

denied the Bond Redetermination Request. Id. at ¶ 14. In addition to finding that he did not have jurisdiction over the request, the Immigration Judge also entered an "alternative finding that [p]etitioner was subject to detention under 8 U.S.C. § 1226(a) as a danger to the community given the circumstances of the 2020 arrest for Negligent Manslaughter by Vehicle in violation of Md. Code Ann., Crim. Law § 2-209 and Causing Life Threatening Injuries by Vehicle while Intoxicated in violation of Crim. Law § 3-211(c), offenses to which he subsequently pleaded guilty." [Dkt. No. 4] at 2.

Salinas-Rodas filed his Petition for Writ of Habeas Corpus on January 10, 2026. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas action[,]"[4] [Dkt. No. 4] at 1; however, the Notice also included a Declaration providing Salinas-Rodas's relevant criminal history, and the Immigration Judge's findings denying bond. Id. at 2.

---

[4] The Notice improperly lists Ms. Halligan as the United States Attorney and Special Attorney for this district. [Dkt. No. 7] at 2. The Court does not recognize Ms. Halligan as being authorized to represent the United States given the decisions in United States v. Comey, No. 1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and United States v. James, No. 2:25-cr-122, – F. Supp. 3d –, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which have been appealed but not stayed as of this date. See also United States v. Giraud, Nos. 25-2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

Unlike many other habeas matters filed recently before this Court in which petitioners argue that they are entitled to a bond hearing, the petitioner here has already received a bond hearing after being detained by ICE. Specifically, on December 16, 2025, an Immigration Judge held a bond hearing and denied petitioner's request for a change in custody status for two reasons: first, that the Immigration Court lacked jurisdiction in accordance with the Matter of Yajure Hurtado, 27 I. & N. Dec. 216 (BIA 2025), and second—and in the alternative—that "the respondent is a danger to the community given the circumstances of the 2020 arrest."[5] [Dkt. No. 4-1] at ¶ 14.

Although the jurisdictional finding conflicts with this Court's holdings in numerous cases, the alternate finding satisfies this Court that petitioner has received a bond hearing. Based on the Immigration Judge's independent grounds for denying bond, Salinas-Rodas's Petition is moot because he has already received the only relief he can obtain from this Court: a bond hearing before an Immigration Judge, who must determine whether he poses a danger to the community, and whether he is a flight risk. Because he has received this relief, Salinas-Rodas's

---

[5] In his Reply brief, petitioner argues that "[t]he Immigration Judge's danger determination is . . . void and cannot support [p]etitioner's continued detention," [Dkt. No. 5] at 2, because "the Immigration Judge explicitly found he lacked jurisdiction over [p]etitioner's bond request" and "[a] tribunal without jurisdiction cannot make legally binding findings[,]" Id. at 1. Although this may be true, federal courts in this district and in the Fourth Circuit have—in the interest of judicial economy—made alternative findings even when concluding a lack of jurisdiction. See, e.g., Diretto v. Country Inn & Suites by Carlson, No. 1:16CV1037 (JCC/IDD), 2016 WL 4400498, at *3 (E.D. Va. Aug. 18, 2016) (addressing the merits of a Motion for Temporary Restraining Order even though it was not clear whether jurisdiction existed "in the interest of judicial economy"); Settlers Crossing, L.L.C. v. U.S. Home Corp., 383 F. App'x 286, 288 (4th Cir. 2010) (affirming district court's finding of lack of subject matter jurisdiction and alternative dismissal on the merits). Accordingly, this Court may not ignore the alternative finding made by the Immigration Judge in his denial of Salinas-Rodas's bond redetermination request.

only recourse is to file a timely appeal of the Immigration Judge's December 16, 2025, Order

denying a bond. 8 C.F.R. § 1003.38. There is nothing further that this Court can do. See

Mathews v. Diaz, 426 U.S. 67, 81 (1976). See also Santos Garcia v. Garland, 2022 WL 989019,

at *7 (E.D. Va. Mar. 31, 2022).

For all the reasons stated above, it is hereby

ORDERED that Salinas-Rodas's Petition, [Dkt. No. 1], be and is DENIED.

The Clerk is directed to enter judgment in the federal respondents' favor pursuant to

Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close

this civil action.

Entered this 23rd day of January, 2026.

Alexandria, Virginia

/s/ 

Leonie M. Brinkema
United States District Judge

5